**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

DANNY LEE,

                              Plaintiff,                          19-CV-6553 (PGG)(SN)

              -against-                                **ORDER**

ANDREW SAUL, Commissioner, Social Security
Administration,

                              Defendant.

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

By letter dated November 15, 2019, *pro se* plaintiff Danny Lee moves the Court to grant his request for *pro bono* counsel. ECF No. 16. Although the Court is very sympathetic to Mr. Lee's situation, for the reasons set forth below, the motion is denied without prejudice.

A federal judge has "broad discretion" when deciding whether to appoint counsel to an indigent litigant. Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986). See Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994). "There is no requirement that an indigent litigant be appointed *pro bono* counsel in civil matters." Id. at 789; 28 U.S.C. § 1915(e).

The factors to be considered in ruling on a motion for *pro bono* counsel are well settled and include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Of these, "the factor which command[s] the most attention [is] the merits." Indeed:

> Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent. Id.

Here, Mr. Lee ("Plaintiff") filed this action under several laws alleging harassment and discrimination, and retaliation by his previous employer, the Social Security Administration ("SSA"). Plaintiff has been granted an application to proceed *in forma pauperis* and lacks the financial resources to retain counsel. Plaintiff also states that prior attempts to secure counsel have been unsuccessful, in part because Plaintiff no longer lives in New York. Nevertheless, the pending application does not demonstrate that plaintiff's claim has sufficient merit to warrant the appointment of counsel.

To date, Plaintiff has filed a request to proceed *in forma pauperis* (ECF No. 1), a short complaint (ECF No. 2), and an opposition to defendant's motion to dismiss, which includes a two-page argument and several exhibits (ECF No. 17). Based on this information, the Court cannot conclude that Plaintiff's claim is likely to be of merit. Accordingly, Plaintiff's motion for the appointment of counsel is DENIED without prejudice to renewal.

The Clerk of Court is respectfully directed to close ECF No. 16.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED: November 20, 2019
          New York, New York

cc:      Danny Lee (*by Chambers*)
          P.O. Box 500786
          San Diego, CA 92150