UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

DANNY LEE,

                              Plaintiff,

          - against -

ANDREW SAUL, Commissioner of the
Social Security Administration,

                              Defendant.

**ORDER**

19 Civ. 6553 (PGG) (SN)

PAUL G. GARDEPHE, U.S.D.J.:

          Pro se Plaintiff Danny Lee complains that his former employer – Defendant

Andrew Saul, Commissioner of the Social Security Administration ("SSA") – discriminated

against him on the basis of his disability.  (Cmplt. (Dkt. No. 2))  The Complaint asserts claims

under the Rehabilitation Act of 1973, 29 U.S.C. § 701, et seq., the Americans with Disabilities

Act of 1990 (the "ADA"), 42 U.S.C. § 12101, et seq., and the Family and Medical Leave Act of

1993 (the "FMLA"), 29 U.S.C. § 2601, et seq.  Defendant has moved to dismiss under Rule

12(b)(6) for failure to state a claim.  (Dkt. No. 11)

          This Court referred Defendant's motion to Magistrate Judge Sarah Netburn, who

issued a Report and Recommendation ("R&R") recommending that the motion be granted in part

and denied in part.  (R&R (Dkt. No. 24))  Both parties have submitted objections to the R&R.

(Pltf. Obj. (Dkt. No. 28); Def. Obj. (Dkt. No. 25))  For the reasons stated below, this Court will

adopt the R&R in part and modify it in part, and Defendant's motion to dismiss will be granted

in its entirety.

## BACKGROUND

Plaintiff was formerly employed by the SSA in Brooklyn.  (Cmplt. (Dkt. No. 2) at 3)  The Complaint alleges that the SSA failed to accommodate Plaintiff's disabilities – hip pain and depression – and also engaged in unlawful disparate treatment, retaliation, and harassment in violation of the Rehabilitation Act, the ADA, and the FMLA.  (Id. at 4-5)

The Complaint contains the following factual allegations:

> [The] Social Security Administration removed reasonable accommodations and harassed plaintiff.  Plaintiff was told if he filed another EEO that he would become the receptionist.  Disparate treatment and discrimination based on disability and EEO complaint.  Receptionist work area did not have reasonable accommodations. Instructions from management prevented Plaintiff from doing his job.  Assigned 4x more work than co-worker.  Disparate treatment.  Time and leave incorrect.  Leave procedure not followed by SSA.  Reasonable Accommodations procedure not followed by SSA. SSA failed in interactive process and destroyed medical evidence and emails.

(Id. at 5)  Defendant moved to dismiss under Rule 12(b)(6) for failure to state a claim.  (Dkt. No. 11)

On August 31, 2020, Judge Netburn issued an R&R recommending that this Court grant in part and deny in part Defendant's motion to dismiss.  (R&R (Dkt. No. 24) at 1, 18)  Judge Netburn concluded that "the Complaint does not plausibly allege claims under the ADA, the FMLA, or the Rehabilitation Act for failure to accommodate, disparate treatment, or hostile work environment," and recommends granting Defendant's motion as to those claims. (Id. at 18)  Judge Netburn further recommends that leave to amend be denied as to those claims, because amendment would be futile.  (Id. at 17)

As to Plaintiff's retaliation claim under the Rehabilitation Act, Judge Netburn recommends that Defendant's motion be denied.  (Id. at 15)  Judge Netburn finds that the

Complaint plausibly alleges a retaliation claim based on allegations that "Plaintiff was told [that] if he filed another EEO [complaint] that he would become the receptionist." (Id. at 12-14)

Both sides timely filed objections. Plaintiff objects to the R&R to the extent that it recommends dismissal of his claims. (Pltf. Obj. (Dkt. No. 28)) Plaintiff also objects to the R&R's findings concerning his Rehabilitation Act retaliation claim, asserting that "AFGE Union Rep Cindy Berger told plaintiff [that] if he filed another EEO after being denied reasonable accommodations he would become [the] receptionist." (Id. at 2)

Defendant objects to the R&R only as to its treatment of Plaintiff's retaliation claim. Defendant points out that Plaintiff's objections make clear that a union official, and not the SSA, communicated a threat that – if Plaintiff filed another EEO complaint – he would become the office receptionist. (Def. Obj. (Dkt. No. 25) at 2) Defendant contends that this disclosure requires that the Complaint be dismissed in its entirety. (Id. at 3-4)

## DISCUSSION

## I.     LEGAL STANDARD

### A.     Review Of Magistrate Judge's Report And Recommendation

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), a party may submit objections to the magistrate judge's R & R. Any objections must be "specific" and "written," and must be made "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). "'The district judge evaluating a magistrate judge's recommendation may adopt those portions of the

recommendation, without further review, where no specific objection is made, as long as they are not clearly erroneous.'" Gilmore v. Comm'r of Soc. Sec., No. 09 Civ. 6241 (RMB) (FM), 2011 WL 611826, at *1 (S.D.N.Y. Feb. 18, 2011) (quoting Chimarev v. TD Waterhouse Investor Servs., Inc., 280 F. Supp. 2d 208, 212 (S.D.N.Y. 2003)).  A decision is "clearly erroneous" when, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed."  United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006) (quotation marks and citation omitted).

Where a timely objection has been made to a magistrate judge's recommendation, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  However, "[o]bjections that are 'merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review.'"  Phillips v. Reed Grp., Ltd., 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (quoting Vega v. Artuz, 97CIV.3775LTSJCF, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002)) (second alteration in Phillips).  "To the extent . . . that the party . . . simply reiterates the original arguments, [courts] will review the Report strictly for clear error."  IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., 07 Civ. 6865 (LTS)(GWG), 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008) (citing Pearson-Fraser v. Bell Atl., No. 01 Civ. 2343(WK), 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003); Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)); see also Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are 'merely perfunctory responses,' . . .

'rehashing . . . the same arguments set forth in the original petition.' ") (citing <u>Vega</u>, 2002 WL 31174466, at *1; <u>Greene v. WCI Holdings</u>, 956 F. Supp. 509, 513 (S.D.N.Y. 1997)).

"Courts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation." <u>Tavares v. City of New York</u>, No. 08 CIV. 3782 (PAE), 2011 WL 5877548, at *2 (S.D.N.Y. Nov. 23, 2011). "The submission of new evidence following [a magistrate judge's R&R] is merited only in rare cases, where the party objecting . . . has offered a most compelling reason for the late production of such evidence, or a compelling justification for [its] failure to present such evidence to the magistrate judge." <u>Fischer v. Forrest</u>, 286 F. Supp. 3d 590, 603 (S.D.N.Y. 2018), <u>aff'd</u>, 968 F.3d 216 (2d Cir. 2020) (internal quotations omitted).

### B.   <u>Rule 12(b)(6) Motion To Dismiss</u>

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "[A] plaintiff alleging employment discrimination or retaliation is not required to plead facts sufficient to establish a prima facie case," however. <u>Krasner v. HSH Nordbank AG</u>, 680 F. Supp. 2d 502, 512 (S.D.N.Y. 2010) (citing <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 508, 515 (2002) (addressing motion to dismiss standard for Title VII discrimination claim); <u>Williams v. N.Y.C. Hous. Auth.</u>, 458 F.3d 67, 72 (2d Cir. 2006) (per curiam) (applying <u>Swierkiewicz</u> to retaliation claims)). Instead, the "ordinary rules for assessing the sufficiency of a complaint" under Fed. R. Civ. P. 8(a)'s notice pleading standard apply. <u>Swierkiewicz</u>, 534 U.S. at 511.

Under this standard, a plaintiff is required only to set forth a "short and plain statement of the claim," Fed. R. Civ. P. 8(a), with sufficient factual "heft 'to sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)).

To survive a motion to dismiss, a plaintiff's "[f]actual allegations must be enough to raise a right of relief above the speculative level," id. at 555, and plaintiff's claims must be "plausible on [their] face."  Id. at 570.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 556 U.S. at 678.

"Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  Id. (internal quotation marks omitted) (quoting Twombly, 550 U.S. at 557).  Moreover, where "the allegations in a complaint, however true, could not raise a claim of entitlement to relief," Twombly, 550 U.S. at 558, or where a plaintiff has "not nudged [his] claims across the line from conceivable to plausible, the[] complaint must be dismissed."  Id. at 570.  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).  A complaint must provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests."  Port Dock & Stone Corp. v. Oldcastle Ne. Inc., 507 F.3d 117, 121 (2d Cir. 2007) (citing Twombly, 550 U.S. at 555).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to establish entitlement to relief]."  Iqbal, 556 U.S. at 678.

A "pro se complaint . . . [is] interpret[ed] . . . to raise the 'strongest [claims] that [it] suggest[s].'"  Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011) (quoting Triestman v. Fed.

Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam)); see Weixel v. Bd. of Educ. of

N.Y., 287 F.3d 138, 145-46 (2d Cir. 2002) ("When considering motions to dismiss a pro se

complaint such as this, 'courts must construe [the complaint] broadly. . . .'" (quoting Cruz v.

Gomez, 202 F.3d 593, 597 (2d Cir. 2000))).  "However, although pro se filings are read liberally

and must be interpreted to raise the strongest arguments that they suggest, a pro se complaint

must still plead sufficient facts to state a claim to relief that is plausible on its face."  Wilder v.

U.S. Dep't of Veteran Aff., 175 F. Supp. 3d 82, 87 (S.D.N.Y. 2016) (internal citations omitted).

Moreover, "the court need not accept as true 'conclusions of law or unwarranted deductions of

fact,'" Whitfield v. O'Connell, No. 09 Civ. 1925 (WHP), 2010 WL 1010060, at *4 (S.D.N.Y.

Mar. 18, 2010) (quoting First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir.

1994)), and "'[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice,'" even for purposes of a pro se complaint, Harris v. Mills,

572 F.3d 66, 72 (2d Cir. 2009) (quoting Iqbal, 556 U.S. at 678).

## II.    REHABILITATION ACT CLAIMS

As to Plaintiff's Rehabilitation Act claim, the Complaint alleges failure to provide

reasonable accommodation, disparate treatment, hostile work environment, and retaliation.

(Cmplt. (Dkt. No. 2) at 5)  Plaintiff alleges that his disability or perceived disability is "hip pain"

and "depression."  (Cmplt. (Dkt. No. 2) at 4)

### A.    Reasonable Accommodation

To state a claim for failure to accommodate under the Rehabilitation Act, an

employee must allege that:

"(1) [he] is a person with a disability under the meaning of the [Act]; (2) an employer
covered by the statute had notice of his disability; (3) with reasonable accommodation,

7

[he] could perform the essential functions of the job at issue; and (4) the employer has
refused to make such accommodations."

Natofsky v. City of New York, 921 F.3d 337, 352 (2d Cir. 2019) (quoting McBride v. BIC
Consumer Prods. Mfg. Co., Inc., 583 F.3d 92, 97 (2d Cir. 2009)). "[R]easonable accommodation
may include, inter alia, modification of job duties and schedules, alteration of the facilities in
which a job is performed, [and] acquisition of devices to assist the performance of job
duties. . . ." McBride, 583 F.3d at 97 (citing 42 U.S.C. § 12111(9)(B)).

Judge Netburn notes that the Complaint's only factual allegations concerning
Plaintiff's failure to accommodate claim are: "(1) Social Security Administration removed
reasonable accommodations and harassed plaintiff; (2) Receptionist work area did not have
reasonable accommodations; (3) Reasonable Accommodations procedure not followed by SSA;
and (4) SSA failed in interactive process and destroyed medical evidence and emails." (R&R
(Dkt. No. 24) at 6 (quoting Cmplt. (Dkt. No. 2) at 5 (internal quotation marks omitted)))  Judge
Netburn concluded that these allegations "do not contain sufficient non-conclusory claims to
suggest that the SSA denied Plaintiff accommodations necessary for him to perform the essential
functions of his position."  (Id.)  Because "[t]he Complaint 'fails to state that Plaintiff requested
and was denied a specific accommodation'" related to his disability, Judge Netburn recommends
that Plaintiff's reasonable accommodation claim be dismissed.  (Id. at 6-7 (quoting Getso v. City
University of New York, 08-cv-7469 (LAP), 2009 WL 4042848, at *4 (S.D.N.Y. Nov. 18, 2009)
(emphasis in original))

In his objections, Plaintiff provides factual allegations not pled in the Complaint.
(Pltf. Obj. (Dkt. No. 28) at 1-2)  For example, he claims that he sought:  "leave to get surgery to
save his hip from further damage"; a "disabled parking spot"; the ability to do "telework"; a

"hard surface to roll chair while at receptionist [area]"; that the "printer and fax be closer to [his] desk at receptionist [area]"; and "sick leave" after being "prescribed medicine which caused dizziness."  (Id. at 1-2)  Plaintiff also asserts that, at the time of hiring, he "was required to submit medical evidence for approximately 9 years. . . ."  (Id. at 1)

Plaintiff has not offered any reasonable explanation – much less a "compelling reason" – for his failure to include these allegations in the Complaint.  Fischer, 286 F. Supp. 3d at 603.  Accordingly, the new information set forth in Plaintiff's objections will not considered in determining whether Defendant's motion to dismiss should be granted.  See Tavares, 2011 WL 5877548, at *2.

The Court finds no error in Judge Netburn's recommendation that Plaintiff's failure to accommodate claim be dismissed for failure to state a claim.  Accordingly, that claim will be dismissed.

B.     **Disparate Treatment**

To plead a claim for disparate treatment under the Rehabilitation Act, a plaintiff must allege that he or she (1) "belonged to a protected class"; (2) "was qualified for the position [he or] she held"; (3) "suffered an adverse employment action"; and (4) "the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent."  Amie v. Shinseki, 806 F. Supp. 2d 641, 645 (W.D.N.Y. 2011) (citing Feingold v. New York, 366 F.3d 138, 152 (2d Cir. 2004))

Liberally construing the Complaint, Judge Netburn reads Plaintiff's allegations of adverse employment actions to include "(1) [i]nstructions from management prevented Plaintiff from doing his job; (2) [a]ssigned 4x more work than co-worker, and (3) [t]ime and leave incorrect."  (R&R (Dkt. No. 24) at 8 (quoting Cmplt. (Dkt. No. 2) at 5 (internal quotation marks

omitted)))  Judge Netburn concludes that none of these allegations constitutes a "materially adverse change[]," and that Plaintiff had, in any event, "not pleaded a connection between his disability" and any such change.  (Id. at 8-9 (citing Jacques v. DiMarzio, Inc., 386 F.3d 192, 198 (2d Cir. 2004)))  Because "Plaintiff has not alleged circumstances giving rise to an inference that the SSA took materially adverse employment actions because of Plaintiff's disability," Judge Netburn recommends dismissing Plaintiff's disparate treatment claim.  (Id. at 9)

In his objections, Plaintiff repeats facts alleged in the Complaint, including that "he was assigned 4X more work than his co-worker," and "prevent[ed]" from "doing job as nationally trained."  (Pltf. Obj. (Dkt. No. 28) at 2)  He also adds new factual allegations, including that he "was denied [a] union representative," and that "[o]ther disabled employees were allowed to park in reserved parking spaces."  (Id.)  The new material will not be considered in resolving Defendant's motion to dismiss, for reasons explained above.

To the extent that Plaintiff's objections "simply reiterate[]" the Complaint's allegations, this Court reviews the R&R for clear error.  IndyMac Bank, F.S.B., 2008 WL 4810043, at *1.  This Court sees no error in Judge Netburn's conclusion that Plaintiff's allegations regarding instructions from management and increased work assignments, without more, are insufficient to show a materially adverse employment action.  See Morales v. Div. of Youth & Family Justice, No. 14-CV-7253 (JGK), 2019 WL 3430168, at *4 (S.D.N.Y. July 30, 2019) ("Examples of materially adverse employment actions include 'termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices . . . unique to a particular situation.'" (citation omitted)).  Nor does this Court find error in Judge Netburn's unchallenged conclusion that Plaintiff did not plead a connection between his

10

disability and any adverse employment action.  See Littlejohn v. City of New York, 795 F.3d

297, 311 (2d Cir. 2015) (plaintiff asserting a discrimination claim must allege facts

demonstrating "at least minimal support for the proposition that the employer was motivated by

discriminatory intent").  Accordingly, Plaintiff's disparate treatment claim will be dismissed.

## C.    Hostile Work Environment

"The standard for demonstrating a hostile work environment is the same under

Title VII [as it is for] the Rehabilitation Act."[1]  Langella v. Mahopac Cent. Sch. Dist., No. 18-

CV-10023 (NSR), 2020 WL 2836760, at *17 (S.D.N.Y. May 31, 2020) (citation omitted).  To

state a hostile work environment claim,

> a plaintiff must plead facts that would tend to show that the complained of conduct:
> (1) is objectively severe or pervasive – that is, creates an environment that a reasonable
> person would find hostile or abusive; (2) creates an environment that the plaintiff
> subjectively perceives as hostile or abusive; and (3) creates such an environment because
> of the plaintiff's [protected characteristic].

Patane v. Clark, 508 F.3d 106, 113 (2d Cir. 2007) (internal quotation marks, citations, and

alterations omitted).  Accordingly, a "plaintiff must show that the conduct at issue is 'severe or

pervasive enough to create an objectively hostile or abusive work environment,' and 'the victim

must also subjectively perceive that environment to be abusive.'"  Romero v. DHL Express, Inc.,

No. 12-CV-1942 (VEC)(RLE), 2015 WL 1315191, at *5 (S.D.N.Y. Mar. 24, 2015) (quoting

Feingold, 366 F.3d at 150).  In determining whether the alleged conduct is sufficiently severe,

courts consider "'the frequency of the discriminatory conduct; its severity; whether it is

---

[1]  Judge Netburn notes that it is unclear whether a claim for hostile work environment can be
brought under the Rehabilitation Act.  For purposes of her R&R, she assumes that such a claim
exists.  (R&R (Dkt. No. 24) at 9 (citing Wesley-Dickson v. Warwick Valley Cent. Sch. Dist., 586
F. App'x 739, 745 n.2 (2d Cir. 2014)))  This Court adopts the same approach.

physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with [the] employee's work performance.'" Feingold, 366 F.3d at 150 (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 23 (1993)).

Judge Netburn concludes that Plaintiff's allegations of harassment – having his time kept incorrectly, being assigned more work than his peers, being threatened with a demotion, and being given instructions that prevent him from doing his job – are insufficient in that Plaintiff does not allege the frequency of this conduct or its objective severity. (R&R (Dkt. No. 24) at 10-11) "Because Plaintiff has not alleged severe or pervasive harassment, a protected disability, or a nexus between the two," Judge Netburn recommends that Plaintiff's hostile work environment claim be dismissed. (Id. at 11 (internal quotation marks omitted))

In his objections, Plaintiff asserts that the alleged harassment he suffered "was severe and pervasive," as illustrated by the fact that he "had to seek EAP counseling, take anti depression medication, request leave, resign, crack [his] teeth, lose everything [he] worked [his] whole life for." (Pltf. Obj. (Dkt. No. 28) at 2)

As discussed above, this Court cannot consider – in resolving Defendant's motion to dismiss – factual allegations raised for the first time in objections to a magistrate judge's R&R. Tavares, 2011 WL 5877548, at *2. Moreover, Plaintiff's new allegations do not address Judge Netburn's findings that Plaintiff has not pled facts showing objective severity or a connection between the alleged harassment and any disability. Accordingly, this Court agrees with Judge Netburn that Plaintiff has not plausibly alleged a hostile work environment, and this claim will be dismissed.

D.   **Retaliation**

The Rehabilitation Act prohibits an employer from "discriminat[ing] against any individual because such individual . . . made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the Act]."  42 U.S.C. § 12203(a); see also 29 U.S.C. § 794(d).  To state a claim for retaliation under the Rehabilitation Act, a plaintiff must allege "that:  (1) he engaged in an activity protected by the [statute]; (2) the employer was aware of this activity; (3) the employer took adverse employment action against him; and (4) a causal connection exists between the alleged adverse action and the protected activity."  Treglia v. Town of Manlius, 313 F.3d 713, 719 (2d Cir. 2002).

Here, the Complaint asserts that "Plaintiff was told [that] if he filed another EEO [complaint] that he would become the receptionist."  (Cmplt. (Dkt. No. 2) at 5)  Judge Netburn concluded that the threat to make Plaintiff a receptionist "constitutes a materially adverse employment action," because it "was likely to deter him – a purported victim of discrimination – from complaining to the EEO[C]."  (R&R (Dkt. No. 24) at 13-14 (internal quotation marks omitted) (alteration in original))  Noting that "Plaintiff has not identified the alleged comment maker," Judge Netburn concluded that it was reasonable to infer that the comment was made by an SSA  "supervisor or manager," and can thus be attributed to the SSA.  (Id. at 14)  As such, Judge Netburn recommends denying Defendant's motion to dismiss Plaintiff's retaliation claim.

As discussed above, in his objections, Plaintiff asserts new allegations concerning his retaliation claim, including that "AFGE Union Rep Cindy Berger told plaintiff [that] if he filed another EEO [complaint] after being denied reasonable accommodations he would become receptionist."  (Pltf. Obj. (Dkt. No. 28) at 2)

In Defendant's objection, Defendant points out that Plaintiff has now clarified an ambiguity in the Complaint as to who made the alleged retaliatory comment to Plaintiff. With the clarification, it is now clear that the alleged threat was conveyed to Plaintiff by a union representative, and not by an SSA employee. Defendant argues that, given this clarification, Plaintiff's retaliation claim should be dismissed. (Def. Obj. (Dkt. No. 25) at 3)

Although courts typically ignore factual material raised for the first time in objections to an R&R, see Morrison v. New York City Dep't of Corr., No. 11 CIV. 9109 (DAB), 2013 WL 5308015, at *3 (S.D.N.Y. Sept. 20, 2013), this Court may consider Plaintiff's own assertions that contradict a plausibly alleged claim. See Colodney v. Continuum Health Partners, Inc., No. 03 CIV. 7276 (DLC), 2004 WL 829158, at *7 (S.D.N.Y. Apr. 15, 2004) (pro se plaintiff's particularized allegations "undermined" his own claim, such that "further litigation regarding [his claim] is not warranted" (citing Hirsch v. Arthur Andersen & Co., 72 F.3d 1085, 1092 (2d Cir. 1995)))

As the R&R notes, "a retaliation claim may be based on 'employer actions that are likely to deter victims of discrimination from complaining to the EEOC, the courts, and employers.'" (R&R (Dkt. No. 24) at 11-12 (quoting Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68) (emphasis added)) In the absence of particularized allegations about the source of the alleged retaliatory statement, Judge Netburn reasonably inferred that the alleged threat was made by Plaintiff's SSA supervisor. (Id. at 14) See Fitzgerald v. Henderson, 251 F.3d 345, 357 (2d Cir. 2001) ("[A]n employer is presumed responsible where the perpetrator . . . was the victim's supervisor."). Plaintiff has now made clear that his union representative – and not an SSA supervisor – made the alleged retaliatory statement. (Pltf. Obj. (Dkt. No. 28) at 2) But the statements of a union representative are not imputed to an employer for purposes of

14

discrimination claims.  See Garcia v. Daimler Chrysler Corp., 320 F. App'x 356, 362 (6th Cir. 2009); Domingo v. Avis Budget Grp., Inc., No. 18-CV-5430 (BMC), 2020 WL 804898, at *4 (E.D.N.Y. Feb. 18, 2020) (finding "no basis to impute a union representative's knowledge to the employer" for purposes of a harassment claim).  Given that Plaintiff has not alleged retaliatory conduct by his employer, Plaintiff's retaliation claim under the Rehabilitation Act will be dismissed.

**III.    FMLA CLAIM**

Plaintiff checked the box on the Complaint form indicating that he is asserting a claim under the FMLA.  Plaintiff's FMLA claim is based on the following allegations:  "Time and leave incorrect" and "Leave procedure not followed by SSA."  (Cmplt. (Dkt. No. 2) at 4, 5)

Judge Netburn recommends dismissing this claim for two reasons.  (R&R (Dkt. No. 24) at 16)  First, "the FMLA does not afford a private right of action to an employee of the federal government," and Plaintiff is a federal employee.  (Id. at 15, citing 5 U.S.C. §§ 6381-6387; Beauchat v. Mineta, 03-cv-3196 (DRH)(ETB), 2006 WL 2711608, at *9 (E.D.N.Y. Sept. 21, 2006), aff'd, 257 F. App'x 463 (2d Cir. 2007))  Second, Plaintiff's short and conclusory allegations do not state "that he exercised or attempted to exercise any FMLA-protected rights." (Id. at 16)

Plaintiff objects, but does not address whether he has a private right of action under the FMLA.  Instead, he submits new allegations, including that he submitted a form from an orthopedic surgeon and "made numerous phone calls requesting leave," but was instead "suspended and terminated."  (Pltf. Obj. (Dkt. 28) at 2-3)

This Court will not consider the newly raised allegations for reasons explained above.  Even if this Court were to credit these new allegations, however, the fact that Plaintiff

was employed by the federal government is dispositive.  This Court agrees with Judge Netburn

that Plaintiff, as a federal employee, does not have a right of action under the FMLA.  <u>Beauchat</u>,

2006 WL 2711608, at *9.  Accordingly, Plaintiff's FMLA claim will be dismissed.

## IV.    <u>ADA CLAIM</u>

Judge Netburn also recommends that this Court dismiss Plaintiff's ADA claim.

(R&R (Dkt. No. 24) at 5)  In reaching that conclusion, Judge Netburn notes that the ADA

protects against discrimination by "an employer," but that "employer" does not include "the

United States."  (<u>Id.</u> at 5 (quoting 42 U.S.C. § 12111(2), (5)(B)(i)))  Because the ADA "does not

provide a cause of action against the federal government for employment discrimination . . . [,]

Plaintiff's ADA claim should be dismissed. . . ."  (<u>Id.</u> at 4-5 (citing <u>Hodges v. Att'y General of

the U.S.</u>, 976 F. Supp. 2d 480, 490 (S.D.N.Y. 2013))

This Court sees no error in Judge Netburn's reasoning.  <u>Snow</u>, 462 F.3d at 72.

Accordingly, Plaintiff's ADA claim will be dismissed.

## V.    <u>LEAVE TO AMEND</u>

District courts "ha[ve] broad discretion in determining whether to grant leave to

amend," <u>Gurary v. Winehouse</u>, 235 F.3d 793, 801 (2d Cir. 2000), and "leave to amend should be

freely granted when 'justice so requires.'"  <u>Pangburn v. Culbertson</u>, 200 F.3d 65, 70 (2d Cir.

1999) (quoting Fed. R. Civ. P. 15(a)).  The Second Circuit has cautioned that district courts

"'should not dismiss [a <u>pro se</u> complaint] without granting leave to amend at least once when a

liberal reading of the complaint gives any indication that a valid claim might be stated.'"  <u>Cuoco

v. Moritsugu</u>, 222 F.3d 99, 112 (2d Cir. 2000) (quoting <u>Gomez v. USAA Fed. Sav. Bank</u>, 171

F.3d 794, 795 (2d Cir. 1999)).  A court may properly deny leave to amend, however, in cases of

"'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).  "'Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.'"  Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 258 (2d Cir. 2002) (quoting Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993) (per curiam)).

As noted above, "[o]ne appropriate basis for denying leave to amend is that the proposed amendment is futile. . . . An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." Id. (internal citations omitted).

Here, Judge Netburn recommends that Plaintiff's ADA, FMLA, and non-retaliation Rehabilitation Act claims be dismissed without leave to amend.  (R&R (Dkt. No. 24) at 17-18)  As to the ADA and FMLA claims, Judge Netburn concludes that granting leave to amend would be futile, "because Plaintiff's conclusory allegations do not give any indication that Plaintiff would state a valid claim upon amendment."  (Id. at 17)  Judge Netburn further finds that granting Plaintiff leave to amend his Rehabilitation Act claims would be futile, because Plaintiff's opposition to the motion to dismiss indicates that "he would seek to re-litigate several of the accommodation claims already dismissed by a Court in this district."  (Id. (citing Lee v. Colvin, 15-cv-1472 (KPF), 2017 WL 486944, at *11 (S.D.N.Y. Feb. 6, 2017))

Plaintiff objects, and requests "the opportunity to amend" his Complaint.  Plaintiff does not address the R&R's findings regarding futility, however.  (Pltf. Obj. (Dkt. No. 28) at 3)

As discussed above, as a federal employee, Plaintiff does not have a right of action under the FMLA or ADA.  Accordingly, any amendment of these claims would be futile, see Lucente, 310 F.3d at 258, and leave to amend will be denied.

As to Plaintiff's remaining claims, although this Court is doubtful that the Complaint's defects can be cured, leave to amend will be granted.  Plaintiff is instructed that any Amended Complaint cannot contain allegations that were the subject of Lee v. Colvin, 15-cv-1472 (KPF), 2017 WL 486944 (S.D.N.Y. Feb. 6, 2017).

## CONCLUSION

For the reasons stated above, the R&R is adopted in part and modified in part. Defendant's motion to dismiss is granted in its entirety.  The Clerk of Court is directed to terminate the motion (Dkt. No. 11).  Any motion for leave to file an amended complaint will be submitted by October 30, 2020.  The proposed Amended Complaint is to be attached as an exhibit to the motion.

Dated: New York, New York
       September 30, 2020

SO ORDERED.

Paul G. Gardephe
United States District Judge

18