UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANNY LEE,

                              Plaintiff,

        - against -

ANDREW SAUL, Commissioner of the
Social Security Administration,

                              Defendant.

**ORDER**

19 Civ. 6553 (PGG) (SN)

20 Civ. 2956 (PGG) (SN)

PAUL G. GARDEPHE, U.S.D.J.:

In this consolidated action, pro se Plaintiff Danny Lee alleges that his former

employer – the Social Security Administration ("SSA") – discriminated against him on the basis

of his disability.  In September 2020, this Court granted Defendant's motion to dismiss under

Fed. R. Civ. P. 12(b)(6), but granted leave to amend.  Lee v. Saul, No. 19 Civ. 6553 (PGG), Sept.

30, 2020 Order (Dkt. No. 30).

Plaintiff filed an Amended Complaint (Am. Cmplt. (Dkt. No. 29)),[1] and

Defendant has again moved to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6).  (Dkt. No. 34)  This

Court referred Defendant's motion to Magistrate Judge Sarah Netburn for a Report and

Recommendation ("R&R").  (Dkt. No. 40)  Judge Netburn has issued an R&R, recommending

that the Amended Complaint be dismissed with prejudice.  (R&R (Dkt. No. 42))  Plaintiff has

submitted objections to the R&R.  (Pltf. Obj. (Dkt. No. 43))

For the reasons stated below, Plaintiff's objections will be overruled, the R&R

will be adopted in its entirety, and the Amended Complaint will be dismissed with prejudice.

---

[1]  Unless specified herein, all docket citations are to the docket in Lee v. Saul, No. 20 Civ. 2956
(PGG).

## BACKGROUND

From 2009 to 2016, Plaintiff was employed by the SSA as a Legal Assistant and Case Intake Specialist. (See Am. Cmplt. (Dkt. No. 29) at 16-24; id., Ex. 3 (Dkt. No. 29-3) at 2)[2] He was first assigned to the SSA's Brooklyn office, but in May 2016, he was transferred to the SSA's San Diego office. (Am. Cmplt. (Dkt. No. 29) at 11, 23)

Plaintiff has filed three cases alleging that the SSA discriminated against him, failed to accommodate his disabilities, and retaliated against him when he engaged in protected activity. In the first suit, Lee v. Colvin, No. 15 Civ. 1472 (KPF), Judge Failla granted Defendant's motion to dismiss in part, and later granted Defendant summary judgment on Plaintiff's remaining claim. The Second Circuit affirmed the judgment. Lee v. Colvin, No. 15 Civ. 1472 (KPF), Dkt. Nos. 79, 131, 136.

On July 15, 2019, while the appeal in Lee v. Colvin was pending, Plaintiff filed a second action – Lee v. Saul, No. 19 Civ. 6553 (PGG) – asserting claims under the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12101 et seq., and the Family and Medical Leave Act of 1993 (the "FMLA"), 29 U.S.C. § 2601 et seq. Lee v. Saul, No. 19 Civ. 6553 (PGG), Dkt. No. 2. Defendant moved to dismiss, and this Court granted Defendant's motion on September 30, 2020. This Court granted Plaintiff leave to amend his claims under the Rehabilitation Act, while expressing doubt that the defects in the Complaint could be cured. Lee v. Saul, No. 19 Civ. 6553 (PGG), Dkt. Nos. 11, 30.

On April 10, 2020, Plaintiff filed a third action – Lee v. Saul, No. 20 Civ. 2956 (PGG). This Court referred Plaintiff's second and third actions to Magistrate Judge Netburn for

---

[2] All references to page numbers in this Order are as reflected in this District's Electronic Case Files ("ECF").

general pretrial supervision (Dkt. No. 10[3]), and on February 19, 2021, Judge Netburn

consolidated the two cases (Dkt. No. 27).

On April 12, 2021, Plaintiff filed the Amended Complaint, which alleges that

Defendant discriminated against Plaintiff on the basis of his disabilities – hip pain and depression

– and asserts claims under the Rehabilitation Act, the ADA, the FMLA, and Title VII.  The

Amended Complaint also alleges that Defendant (1) violated the Notification and Federal

Employee Antidiscrimination and Retaliation Act of 2002 (the "No FEAR Act"), 5 U.S.C. §

2301 et seq.; (2) deprived Plaintiff of his right to union representation during investigatory

interviews, in violation of National Labor Relations Board v. J. Weingarten, Inc., 420 U.S. 251

(1975); and (3) obstructed justice by deleting emails and destroying evidence.  (Am. Cmplt.

(Dkt. No. 29) at 3-5, 10-13, 27)

Attached to the Amended Complaint are two right-to-sue letters from the Equal

Employment Opportunity Commission ("EEOC"), dated May 31, 2019 and January 14, 2020.

(Id. at 29-36)  The right-to-sue letters concern Plaintiff's Equal Employment Opportunity

("EEO") complaints, which were denied by the SSA.  In the May 31, 2019 letter, the EEOC

denies Plaintiff's request for review of the SSA's decision that rejected Plaintiff's claims that he

was denied reasonable accommodations and had been subjected to harassment and retaliation

based on his disability.  (Id. at 29-31)  The January 14, 2020 letter denies Plaintiff's request for

review of the SSA's decision that rejected Plaintiff's claims that the SSA discriminated against

him by suspending him in February and August 2016, harassing him, denying him leave without

pay, and not responding in a timely fashion to his request for a hardship transfer.  (Id. at 33-36)

---

[3] See also Lee v. Saul, No. 19 Civ. 6553 (PGG), Dkt. No. 6.

In addition to the right-to-sue letters, Plaintiff attaches 72 exhibits to the Amended Complaint. (Dkt. Nos. 29-1 through 29-72)

On June 11, 2021, Defendant moved to dismiss the Amended Complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 34)[4] On August 4, 2021, this Court referred Defendant's motion to Judge Netburn for an R&R. (Dkt. No. 40) On February 10, 2022, Judge Netburn issued an R&R in which she recommends that Plaintiff's claims be dismissed with prejudice. (R&R (Dkt. No. 42)) On February 24, 2022, Plaintiff filed objections to the R&R (Pltf. Obj. (Dkt. No. 43)), and on March 10, 2022, Defendant filed a response to those objections. (Def. Resp. (Dkt. No. 44))

## DISCUSSION

## I.    LEGAL STANDARD

### A.    Review of a Magistrate Judge's Report and Recommendation

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "'The district judge evaluating a magistrate judge's recommendation may adopt those portions of the recommendation, without further review, where no specific objection is made, as long as they are not clearly erroneous.'" Gilmore v. Comm'r of Soc. Sec., No. 09 Civ. 6241 (RMB) (FM), 2011 WL 611826, at *1 (S.D.N.Y. Feb. 18, 2011) (quoting Chimarev v. TD Waterhouse Investor Servs., Inc., 280 F. Supp. 2d 208, 212 (S.D.N.Y. 2003)). A decision is "clearly erroneous" when, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been

---

[4] Defendant also argues that the Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 8(a) for failure to set forth "'a short and plain statement of the claim showing that the pleader is entitled to relief.'" (Def. Br. (Dkt. No. 35) at 30-31 (quoting Fed. R. Civ. P. 8(a)(2)))

committed." United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006) (quotation marks and citation omitted).

Where a timely objection has been made to a magistrate judge's recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, "[o]bjections that are 'merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review.'" Phillips v. Reed Grp., Ltd., 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (second alteration in Phillips) (quoting Vega v. Artuz, 97CIV.3775LTSJCF, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002)). "To the extent . . . that the party . . . simply reiterates the original arguments, [courts] will review the Report strictly for clear error." IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., 07 Civ. 6865 (LTS)(GWG), 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008) (citing Pearson-Fraser v. Bell Atl., No. 01 Civ. 2343(WK), 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003) and Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)); see also Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, . . . rehashing . . . the same arguments set forth in the original petition." (quotation marks and citations omitted)).

"Courts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation." Tavares v. City of New York, No. 08 Civ. 3782 (PAE), 2011 WL 5877548, at *2 (S.D.N.Y. Nov. 23, 2011) (citation omitted). "The submission of new evidence following [a magistrate judge's R&R] is merited only in rare cases, where the

party objecting . . . has offered a most compelling reason for the late production of such evidence, or a compelling justification for [the] failure to present such evidence to the magistrate judge." Fischer v. Forrest, 286 F. Supp. 3d 590, 603 (S.D.N.Y. 2018), aff'd, 968 F.3d 216 (2d Cir. 2020) (quotation marks and citations omitted).

**B.     Rule 12(b)(6) Motion to Dismiss**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Under this standard, a plaintiff is required only to set forth a "short and plain statement of the claim," Fed. R. Civ. P. 8(a), with sufficient factual "heft 'to sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)).

To survive a motion to dismiss, a plaintiff's "[f]actual allegations must be enough to raise a right of relief above the speculative level," id. at 555, and a plaintiff's claims must be "plausible on [their] face," id. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678.

"Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quotation marks omitted) (quoting Twombly, 550 U.S. at 557). Moreover, where "the allegations in a complaint, however true, could not raise a claim of entitlement to relief," Twombly, 550 U.S. at 558, or where a plaintiff has "not nudged [his] claims across the line from conceivable to plausible, the[] complaint must be dismissed." Id. at 570. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556

U.S. at 678 (quoting Twombly, 550 U.S. at 557). A complaint must provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." Port Dock & Stone Corp. v. Oldcastle Northeast Inc., 507 F.3d 117, 121 (2d Cir. 2007) (citing Twombly, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to establish entitlement to relief]." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

A "pro se complaint . . . [is] interpret[ed] . . . to raise the 'strongest claims that it suggests.'" Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011) (alterations in Hill omitted) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006); see Weixel v. Bd. of Educ. of N.Y., 287 F.3d 138, 145-46 (2d Cir. 2002) ("When considering motions to dismiss a pro se complaint . . . , courts must construe the complaint broadly . . . ." (quotation marks, alterations, and citations omitted)). "However, although pro se filings are read liberally and must be interpreted to raise the strongest arguments that they suggest, a pro se complaint must still plead sufficient facts to state a claim to relief that is plausible on its face." Wilder v. U.S. Dep't of Veteran Affs., 175 F. Supp. 3d 82, 87 (S.D.N.Y. 2016) (quotation marks and citations omitted). Moreover, "the court need not accept as true 'conclusions of law or unwarranted deductions of fact,'" Whitfield v. O'Connell, No. 09 Civ. 1925 (WHP), 2010 WL 1010060, at *4 (S.D.N.Y. Mar. 18, 2010) (quoting First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir. 1994)), and "'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice,'" even for purposes of a pro se complaint, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (alteration in Harris) (quoting Iqbal, 556 U.S. at 678).

In resolving a motion to dismiss, a court may "consider . . . the complaint and any documents attached thereto or incorporated by reference and documents upon which the complaint relies heavily." Bldg. Indus. Elec. Contractors Ass'n v. City of New York, 678 F.3d 184, 187 (2d Cir. 2012) (quotation marks and citation omitted).  However, "[w]here . . . the allegations pled in the complaint are contradicted by documents on which the complaint relies[,] the reviewing court need not accept as true an allegation pled nor draw inferences in its favor." Alexander v. Bd. of Educ. of City Sch. Dist. of City of New York, 107 F. Supp. 3d 323, 331 (S.D.N.Y. 2015), aff'd sub nom. Alexander v. Bd. of Educ. of City of New York, 648 F. App'x 118 (2d Cir. 2016) (quotation marks and citation omitted).  Moreover, allegations raised for the first time in an opposition brief cannot defeat a motion to dismiss, and such allegations do not automatically amend the complaint.  See Capers v. Kirby Forensic Psychiatric Ctr., No. 13-CV-6953(AJN), 2016 WL 817452, at *2 (S.D.N.Y. Feb. 25, 2016) (citing O'Brien v. Nat'l Prop. Analysts Partners, 719 F. Supp. 222, 229 (S.D.N.Y. 1989) ("[I]t is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss.")).  "Courts apply this rule even when a plaintiff is pro se, though a court may consider new allegations in an opposition brief in determining whether to grant the plaintiff leave to file an Amended Complaint." Id. (quotation marks, alterations, and citation omitted).

## II.    **REHABILITATION ACT CLAIMS**

After setting forth each cause of action – including a cause of action under the Rehabilitation Act – in a form complaint (Am. Cmplt. (Dkt. No. 29) at 1-7), Plaintiff checked boxes indicating that he wishes to allege the following:  (1) failure to hire; (2) unlawful termination; (3) failure to promote; (4) failure to provide reasonable accommodations; (5) disparate treatment; (6) retaliation; and (7) hostile work environment.  (Am. Cmplt. (Dkt. No.

29) at 5)  Plaintiff also states that he was "denied leave" and "suspended . . . for 3 days, 14 days," and that he suffered permanent damage to his hip because Defendant denied him reasonable accommodations.  (Id.)

        Defendant argues that Plaintiff's claims under the Rehabilitation Act must be dismissed because (1) Plaintiff did not exhaust his administrative remedies; and (2) the Amended Complaint fails to state a claim under the Rehabilitation Act.  (Def. Br. (Dkt. No. 35) at 16-30)

### A.    <u>Exhaustion of Administrative Remedies</u>

        In her R&R, Judge Netburn accurately sets forth the law regarding exhaustion in the context of Rehabilitation Act claims:

> "The Rehabilitation Act requires that an employee exhaust certain administrative requirements prior to filing a suit in district court." Hodges v. Att'y Gen. of U.S., 976 F. Supp. 2d 480, 490 (S.D.N.Y. 2013).  Under EEOC regulations, the "employee must first seek EEO counseling within forty-five days of the allegedly discriminatory act." Boos v. Runyon, 201 F.3d 178, 181 (2d Cir. 2000); see also 29 C.F.R. §1614.105(a)(1).  The regulations require that that counselor conduct a final interview with the aggrieved employee within 30 days of the initial contact, unless he or she agrees in writing to postpone the final interview and extend the counseling period for an additional period of no more than 60 days.  29 C.F.R. §§ 1614.105(d)-(e).  If the complaint is not resolved, then the employee may file a complaint with "the agency that allegedly discriminated against" them "within 15 days of receipt of notice." 29 C.F.R. §§ 1614.106(a)-(b).  "In order for the court to consider a particular claim of alleged discrimination, it must have been either explicitly raised during the EEO process or be reasonably related to claims that were." Hodges, 976 F. Supp. 2d at 490 (internal quotation omitted).  Retaliation claims and claims where a plaintiff "alleges further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge" are also considered to be reasonably related to claims asserted in an EEO complaint. Deravin v. Kerik, 335 F.3d 195, 201 n.3 (2d Cir. 2003) (citation omitted).  Unless the employee has exhausted his administrative remedies, his employment discrimination claims under the Rehabilitation Act are barred. Hodges, 976 F. Supp. 2d at 490.  Although plaintiffs are also required to exhaust administrative remedies for hostile work environment claims, "an instance of harassment need not have occurred within the forty five days preceding the employee's request for counseling so long as it is 'part of hostile work environment that allegedly occurred at least partly within the statutory period.'" Id. at 492 (quoting Costanzo v. U.S. Postal Serv., No. 00-cv-5044 (NRB), 2003 WL 1701998, at *6 (S.D.N.Y. Mar. 31, 2003)).

(R&R (Dkt. No. 42) at 6-7)

Although Plaintiff "does not allege the dates when he first sought EEO counseling," Judge Netburn was able to "work[] backwards" from the date Plaintiff filed his first EEO complaint. (Id. at 7)  Since the first EEO complaint at issue in this case was filed on October 3, 2015 (see Am. Cmplt. (Dkt. No. 29) at 40), the "latest date [Plaintiff] could have sought counseling was on June 20, 2016," and "claims related to conduct that occurred on or after May 6, 2015[] would be considered exhausted."  (R&R (Dkt. No. 42) at 7)

After comparing Plaintiff's allegations in the Amended Complaint to those he raised before the SSA and the EEOC (see Am. Cmplt. (Dkt. No. 29) at 40-52), Judge Netburn concludes that

> [Plaintiff's] claims of the denial of reasonable accommodations and harassment (construed as a hostile work environment claim) and retaliation are exhausted, as are his claims that he was unlawfully suspended, denied leave, and charged as absent without leave. His claim that the SSA failed to timely consider his hardship transfer request is similarly exhausted.  But any claims arising out of conduct from before May 2015 and his allegation that the SSA failed to promote him and ultimately terminated him for discriminatory reasons are unexhausted, and I recommend that the Court dismiss them on this ground.

(R&R (Dkt. No. 42) at 10)[5]

In his objections to the R&R, Plaintiff contends that

> [c]laims prior to May 6, 2015 should not be barred.  SSA told me that some of my reasonable accommodations was pending but never made a final decision or follow their own procedure for the prior requests. The Plaintiff made numerous requests for injunctive relief from the retaliation received while prior complaints were pending. Plaintiff was denied and retaliated against and went through SSA procedures to reach this court. The issues of disability and prior requests are relevant as well as job duties and training prior to May 2015. The suspensions also refer to incidents that occurred prior to May 2015 which never were addressed in court such as AWOL for surgery. (See exhibit 74)

---

[5]  In addition to finding that claims premised on conduct that took place prior to May 6, 2015 are procedurally barred as unexhausted, Judge Netburn notes that claims "relevant to the period at issue in [Lee v. Colvin, No. 15 Civ. 1472 (KPF)]" would also be barred by res judicata. (R&R (Dkt. No. 42) at 7 n.1 (citations omitted))

(Pltf. Obj. (Dkt. No. 43) at 4)

    This Court finds no error in Judge Netburn's determination that Plaintiff's claims are barred to the extent that they are premised on conduct that took place before May 6, 2015. (See R&R (Dkt. No. 42) at 6-10)  This conclusion stems from the following deadlines that apply to the filing of an EEO complaint:

> First, an employee who believes that he or she has been subjected to unlawful discrimination must seek EEO counseling within 45 days of the allegedly discriminatory act.  See 29 C.F.R. §1614.105(a)(1).

> Second, the EEO counselor must conduct a final interview of the employee within 30 days of the employee's initial contact, unless the employee agrees in writing to extend the period for an additional 60 days.  See 29 C.F.R. § 1614.105(d)-(e).

> Third, by the conclusion of the interview period – if the matter has not been resolved through counseling – an employee shall receive notice of his or her right to file a formal EEO complaint; the notice shall inform the employee that he or she may file an EEO complaint within fifteen days of the employee's receipt of such notice.  29 C.F.R. §§ 1614.105(d), 1614.106(b).

    Assuming, as Judge Netburn did, that Plaintiff agreed to the 60-day extension provided by these regulations, the earliest conduct that could properly be cited in his EEO complaint would have occurred 150 days before the filing of the EEO complaint (45 + 90 + 15). Plaintiff's earliest EEO complaint in connection with this case was filed on October 3, 2015. (Am. Cmplt. (Dkt. No. 29) at 40)  Accordingly, conduct that took place prior to May 6, 2015 is time-barred and was not properly exhausted.[6]

---

[6] As Judge Netburn notes (id. at 6-7), the May 6, 2015 cut-off date does not strictly apply to Plaintiff's hostile work environment claim, because "an instance of harassment need not have occurred within the forty-five days preceding the employee's request for counseling so long as it is part of a hostile work environment that allegedly occurred at least partly within the statutory period."  Hodges, 976 F. Supp. 2d at 492 (quotation marks and citation omitted).  As discussed below, Plaintiff's hostile work environment claim fails for other reasons.

This Court also notes that – to the extent that Plaintiff's claims arise out of conduct that took place between April 2011 and April 2014 – his claims are barred by res judicata and collateral estoppel.  (See R&R (Dkt. No. 42) at 7 n.1)  In Lee v. Colvin, No. 15 Civ. 1472 (KPF), Plaintiff raised discrimination claims against the SSA based on conduct that took place within that time period.  See Lee v. Colvin, No. 15 Civ. 1472 (KPF), Feb. 6, 2017 Opinion & Order (Dkt. No. 79) at 15-16 (discussing EEO complaints concerning incidents alleged to have occurred between April 2011 and April 2014).  The court dismissed a number of those claims, and later granted the SSA summary judgment on Plaintiff's remaining Rehabilitation Act claim. See id. at 11-35 (dismissing harassment and retaliation claims under Title VII for failure to exhaust and/or failure to state a claim; dismissing hostile work environment and denial of reasonable accommodation claims under the Rehabilitation Act for failure to state a claim; and denying Defendant's motion to dismiss as to Rehabilitation Act retaliation claim); Lee v. Colvin, No. 15 Civ. 1472 (KPF), Jan. 3, 2019 Opinion & Order (Dkt. No. 131) (granting SSA summary judgment on Plaintiff's remaining claim for retaliation under the Rehabilitation Act).

As to Plaintiff's claims for failure to promote and termination, because (1) these claims are not mentioned in Plaintiff's EEO complaints (Am. Cmplt. (Dkt. No. 29) at 37-52),[7] and (2) Plaintiff has not shown that this conduct falls within the EEOC investigations that could reasonably be expected to grow out of his charges of discrimination, see Butts v. City of New York Dep't of Hous. Pres. & Dev., 990 F.2d 1397, 1402 (2d Cir. 1993), superseded by statute on

---

[7] Plaintiff asserts at several points in his EEO complaints that he "quit" or "resigned." (See, e.g., id. at 44-45, 50-51)  He does not state that he was terminated.  To the extent that Plaintiff asserts a constructive discharge claim in his EEO complaints (see id., Ex. 57 (Dkt. No. 29-57) at 1) – premised on an alleged hostile work environment – Plaintiff's hostile work environment claim is addressed below.

other grounds as stated in Hawkins v. 1115 Legal Serv. Care, 163 F.3d 684, 693 (2d Cir.1998) (citation omitted), these claims have not been exhausted.

Plaintiff's objections do not address Judge Netburn's exhaustion analysis. Accordingly, this Court adopts Judge Netburn's recommendation that Plaintiff's Rehabilitation Act claims be dismissed for failure to exhaust administrative remedies to the extent they are based on (1) conduct that took place before May 2015; (2) Defendant's failure to promote Plaintiff; and (3) the termination of Plaintiff's employment.[8]

## B.   Reasonable Accommodation

Plaintiff complains that Defendant denied his requests for a reasonable accommodation, including his requests for (1) disabled parking privileges; (2) a printer and toner for his printer; (3) an electronic case load; (4) permission to work remotely; and (5) a hard surface on which his chair could more easily roll.  (Am. Cmplt. (Dkt. No. 29) at 15, 17)

Plaintiff has attached to the Amended Complaint correspondence between himself and various SSA employees in which certain of the accommodations Plaintiff requests are discussed.  For example, in a June 24, 2015 email to Plaintiff, Jaimie Hanlon, the SSA's Hearing Office Director, responds to Plaintiff's request for a printer at his desk.  Hanlon points out that Plaintiff has had a printer at his desk since at least 2012, and that "management is looking into whether the office can get a printer installed at the reception desk [as well]."[9]  Hanlon writes

---

[8]  To the extent that the Amended Complaint asserts a claim under the "Follow the Rules Act" (see Am. Cmplt. (Dkt. No. 29) at 11), which is codified at 5 U.S.C. § 2302(b)(9)(D) of the Whistleblower Protection Act of 1989, this claim fails because Plaintiff has not shown that he has exhausted his administrative remedies.  See Pena v. United States Postal Servs., No. 04 CIV. 10166 (AKH), 2007 WL 9752874, at *2 (S.D.N.Y. May 2, 2007) (noting that an employee pursuing claims for discrimination and retaliation under the Whistleblower Protection Act must first "exhaust [his] claims in accordance with the Equal Employment Opportunity process").
[9]  Plaintiff was asked to provide coverage for the reception desk when the employee responsible for that task was on a break.  (Am. Cmplt., Exs. 42, 47 (Dkt. Nos. 29-42 and 29-47))

that, until a printer is installed at the reception desk, "a member of management or a Lead Case Technician [will] assist you with any printing [needs]." (Id., Ex. 44 (Dkt. No. 29-44) at 4-5)  In an August 13, 2015 letter to Plaintiff, the SSA's Office of Disability Services confirms that Plaintiff's request for a printer at the reception desk has been approved.  (Id., Ex. 45 (Dkt. No. 29-45) at 1)  In June 2016 emails between Jayson Hembree of Dell and Benjamin Morando of SSA – which were forwarded to Plaintiff by Daniel VanGrol of SSA – Hembree and Morando discuss the status of a replacement printer for Plaintiff, after Plaintiff's printer had become inoperable.  (See id., Ex. 64 (Dkt. No. 29-64))

In the June 24, 2015 email, Hanlon also explains that Plaintiff's request for an electronic case load was denied because working with paper cases "is an essential function of [Plaintiff's] job."  Hanlon states, however, that Plaintiff would not be required to carry files weighing more than five pounds, and that "managers have carried and lifted case files for you, when you requested, and are available to continue to do so whenever you require assistance." (Id., Ex. 44 (Dkt. No. 29-44) at 5)  In an April 27, 2016 email to Plaintiff, Michael Higgins – Plaintiff's supervisor at the time – states that Plaintiff's request to work only with electronic case files was previously denied because Plaintiff's "duties require [him] to work on paper cases," but that Plaintiff can request assistance in "lifting a particular case."  (Am. Cmplt., Ex. 61 (Dkt. No. 29-61) at 1)

To state a claim for failure to accommodate under the Rehabilitation Act, an employee must allege that

> "(1) [he] is a person with a disability under the meaning of the [Act]; (2) an employer covered by the statute had notice of his disability; (3) with reasonable accommodation, [he] could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations."

Natofsky v. City of New York, 921 F.3d 337, 352 (2d Cir. 2019) (quoting McBride v. BIC

Consumer Prods. Mfg. Co., Inc., 583 F.3d 92, 97 (2d Cir. 2009)). "[R]easonable accommodation

may include, inter alia, modification of job duties and schedules, alteration of the facilities in

which a job is performed, [and] acquisition of devices to assist the performance of job

duties. . . ." McBride, 583 F.3d at 97 (citing 42 U.S.C. § 12111(9)(B)).

Judge Netburn finds that, "[a]lthough the . . . Amended Complaint adequately

alleges that [Plaintiff] is a person with a disability and [that] the SSA was aware of that

disability, [Plaintiff] cannot satisfy the third and fourth elements necessary to establish a prima

facie claim of failure to accommodate." (R&R (Dkt. No. 42) at 13)  In this regard, Judge

Netburn notes that Plaintiff "does not allege any facts that indicate that [the requested]

accommodations" -- including disability parking privileges, toner for his printer, and the ability

to telework -- "would allow him to perform the essential functions of the job."[10]  (Id. (citing

Borkowski v. Valley Cent. Sch. Dist., 63 F.3d 131, 138 (2d Cir. 1995)))  As to Plaintiff's request

for a printer and for permission to work only with electronic files, Judge Netburn finds that

Plaintiff's reasonable accommodation claim "is plainly contradicted by the exhibits attached to

his complaint."  (Id. at 13 (citing Sosa v. New York City Dep't of Educ., 368 F. Supp. 3d 489,

524 (E.D.N.Y. 2019) and Matusovsky v. Merrill Lynch, 186 F. Supp. 2d 397, 399-400 (S.D.N.Y.

2002)))  Citing the correspondence discussed above, Judge Netburn finds that this

correspondence demonstrates that Defendant made "'good faith and reasonable efforts'" to

---

[10] Judge Netburn also notes that the lack of toner was addressed by Judge Failla in Lee v.
Colvin, No. 15 Civ. 1472 (KPF) in her order granting in part Defendant's motion to dismiss. Lee
v. Colvin, No. 15 Civ. 1472 (KPF), Feb. 6, 2017 Opinion & Order (Dkt. No. 79). In that order,
Judge Failla rejects Plaintiff's reasonable accommodation claim to the extent it is premised on a
lack of toner, noting that Plaintiff had admitted that the "lack of toner was due to a lack of
funding, and was an issue office-wide." Id. at 27 n.10.

accommodate Plaintiff.  (Id. at 11-14 (quoting Quadir v. New York State Dep't of Lab., 39 F.

Supp. 3d 528, 540 (S.D.N.Y. 2014)))

   In his objections to the R&R, Plaintiff states that

> the reasonable accommodations requested by Lee and his doctors were to reduce pain and
> further damage.  The exhibits are evidence.  The request for leave was denied and
> medication side effects that caused inability to work or drive to work were also ignored.
> This resulted in being suspended.  The request for disabled parking was ignored.  The
> request for telework was ignored and denied.  The request for hard surface for ground for
> chair to roll on was ignored.  The approved printer for the receptionist area never arrived
> while assigned to receptionist.  The procedure for reasonable accommodations outlined
> on their website was not followed.  The requested reasonable accommodations were due
> to pain in hip and depression from being harassed into receptionist and reviews that made
> job impossible to perform.  The exhibits and requests were made and the interactive
> process was not followed by SSA.  Lee has submitted medical evidence and copies of
> reasonable accommodation requests.  The assignment to receptionist backup became a
> required duty and negative review and suspension also verify that SSA changed position
> to make receptionist backup to be on review and suspension.

(Pltf. Obj. (Dkt. No. 43) at 4)

   Plaintiff does not explain which of Judge Netburn's findings regarding reasonable

accommodation he is objecting to, much less the basis for that objection.  He instead "rehash[es]

. . . the same argument[s]" set forth in his opposition brief (see Pltf. Opp. (Dkt. No. 39-1) at 2).

Phillips, 955 F. Supp. 2d at 211.[11]

---

[11]  As to the request for a hard surface for his chair, the record shows that Plaintiff first made this
request on June 24, 2010.  (See Am. Cmplt., Ex. 13 (Dkt. No. 29-13))  As discussed above, any
claim premised on conduct that took place prior to May 6, 2015 is time-barred.  In any event, on
July 29, 2010, Hearing Office Director Lonnie Phillips informed Plaintiff that the SSA would
provide him with, inter alia, a "plastic mat" for his chair.  Phillips made clear that the mat was
being provided out of "office supplies," and not as a reasonable accommodation.  (Id., Ex. 14
(Dkt. No. 29-14) at 2)  On April 9, 2015, Plaintiff requested a hard surface for his chair at the
reception desk.  (Am. Cmplt. (Dkt. No. 29) at 20, 25; id., Ex. 40 (Dkt. No. 29-40))  Plaintiff does
not allege that this request was ignored or denied.

This Court finds no clear error in Judge Netburn's recommendation that Plaintiff's failure to accommodate claim be dismissed for failure to state a claim. Accordingly, that claim will be dismissed.

## C.   **Disparate Treatment**

To plead a claim for disparate treatment under the Rehabilitation Act, a plaintiff must allege that he or she (1) "belonged to a protected class"; (2) "was qualified for the position [he or] she held"; (3) "suffered an adverse employment action"; and (4) "the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent." Amie v. Shinseki, 806 F. Supp. 2d 641, 645 (W.D.N.Y. 2011) (citing Feingold v. New York, 366 F.3d 138, 152 (2d Cir. 2004)). "A plaintiff sustains an adverse employment action if he or she endures a materially adverse change in the terms and conditions of employment." Galabya v. New York City Bd. of Educ., 202 F.3d 636, 640 (2d Cir. 2000) (quotation marks and citation omitted).

Liberally construing the Amended Complaint, Judge Netburn finds that Plaintiff alleges the following as adverse employment actions: "[1] the assignment of four times more work [than a co-worker]; [2] [the] assignment to work as the receptionist; [3] one fourteen-day and one three-day suspension; [4] the denial of reasonable accommodations; and [5] the assignment of additional supervisors." (R&R (Dkt. No. 42) at 16) Judge Netburn finds that "[t]hese allegations are similar to those raised in [Plaintiff's] previous complaint" and that, "with the exception of the suspensions, do not constitute adverse employment actions." (Id.)

As to Plaintiff's complaints about workload, Judge Netburn notes that being assigned work within one's job description "is not adverse so long as it is not paired with a loss in pay or benefits." (Id. (citing Rodriguez v. Coca Cola Refreshments USA, Inc., No. 12-cv-234

(BMC), 2013 WL 5230037, at *3 (E.D.N.Y. Sept. 16, 2013))) As to receptionist duties, Judge

Netburn notes that Plaintiff was asked "for brief periods to cover for the receptionist during her

breaks," and Plaintiff does not allege a loss of pay or benefits associated with these assignments.

(Id. (citing Am. Cmplt., Exs. 42, 47 (Dkt. Nos. 29-42 and 29-47) and Fletcher v. ABM Bldg.

Value, 775 F. App'x 8, 13 (2d Cir. 2019)))

As to Plaintiff's complaints about Defendant's alleged failure to provide

accommodations and the requirement that he report to multiple supervisors, Judge Netburn finds

that neither a failure to provide accommodations nor the need to "[j]uggl[e] relationships with

superiors" are adverse employment actions. (Id. at 16-17 (citing Berger v. New York City Police

Dep't, 304 F. Supp. 3d 360, 368 (S.D.N.Y. 2018) and Tepperwien v. Entergy Nuclear

Operations, Inc., 663 F.3d 556, 568 (2d Cir. 2011)))

As to the two suspensions cited by Plaintiff, Judge Netburn finds that Plaintiff

"has not established the necessary nexus with his disability." (Id. at 17 (citation omitted)) Judge

Netburn notes that the exhibits submitted by Plaintiff in connection with his opposition brief –

including the Hearing Officer's February 1, 2016 and August 15, 2016 written decisions

suspending Plaintiff (see Dkt. Nos. 38-2) – show that Plaintiff was suspended for (1) making

disrespectful comments to his supervisors; (2) refusing to cover for the receptionist during

breaks; (3) making inappropriate comments to employees and visitors; (4) allowing an

unauthorized party to access the personally identifiable information of Social Security

applicants; (5) "failing to comply with leave procedures 39 times in February-[April] 2016"; and

(6) being absent without leave forty times during this same time period. (R&R (Dkt. No. 42) at

17 (citing Lee v. Saul, No. 19 Civ. 6553 (PGG), Sept. 30, 2020 Order (Dkt. No. 30) at 14

("Although courts typically ignore factual material raised for the first time in objections to the

R&R, this Court may consider Plaintiff's own assertions that contradict a plausibly alleged claim." (citations omitted))))

Judge Netburn finds that the Hearing Officer's decisions "fully articulate non-discriminatory explanations for [Plaintiff's] dismissal," and that Plaintiff has not alleged "'circumstances giving rise [to] a plausible inference of discriminatory intent.'" (Id. at 18 (quoting Brodt v. City of New York, 4 F. Supp. 3d 562, 568 (S.D.N.Y. 2014)))

In his objections, Plaintiff repeats allegations set forth in the Amended Complaint and complains that "evidence is being ignored again":

> The suspensions are not justified by the evidence presented and evidence was ignored such as the emails of management and reasonable accommodations. The 4x more work than co-worker, restriction on emailing co-workers, the removal of telework, the multiple supervisors are examples. The position description and training specifically states Hearing Office Director as supervisor and Chief Administrative Judge as second in line supervisor. My co-worker with the same position was not subject to the harassment. No other employee at Social Security Administration was subject to multiple supervisors besides me that I was aware of. Discrimination based on reprisal is prohibited by Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967 and the Rehabilitation Act of 1973. Reprisal occurs when employees are treated differently because they are, or were, involved in a protected EEO activity; *e.g.,* seeking or participating in EEO counseling, providing testimony in an EEO investigation or at an EEO hearing, filing a discrimination complaint, or speaking out against discriminatory activities.

(Pltf. Obj. (Dkt. No. 43) at 4-5)

Once again, Plaintiff does not object to any specific finding in the R&R, much less explain why one or more of Judge Netburn's findings is incorrect. This Court agrees with Judge Netburn that Plaintiff's allegations regarding workload, covering for the receptionist, alleged denial of his requests for accommodation, and multiple supervisors do not constitute adverse employment actions. See Morales v. Div. of Youth & Family Justice, No. 14-CV-7253 (JGK), 2019 WL 3430168, at *4 (S.D.N.Y. July 30, 2019) ("Examples of materially adverse employment actions include termination of employment, a demotion evidenced by a decrease in

wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices . . . unique to a particular situation." (quotation marks and citations omitted)). Nor does this Court find error in Judge Netburn's unchallenged conclusion that Plaintiff does not plead a nexus between his disability and his suspensions. See Littlejohn v. City of New York, 795 F.3d 297, 311 (2d Cir. 2015) (plaintiff asserting a discrimination claim must allege facts demonstrating "at least minimal support for the proposition that the employer was motivated by discriminatory intent").[12]

Plaintiff's disparate treatment claim will be dismissed.

### D.   Retaliation

The Rehabilitation Act prohibits an employer from "discriminat[ing] against any individual because such individual . . . made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the Act]." 42 U.S.C. § 12203(a); see also 29 U.S.C. § 791(g). To state a claim for retaliation under the Rehabilitation Act, a plaintiff must allege that: "(1) he engaged in an activity protected by the [Act]; (2) the employer was aware of this activity; (3) the employer took adverse employment action against him; and (4) a causal connection exists between the alleged adverse action and the protected activity." See Treglia v. Town of Manlius, 313 F.3d 713, 719 (2d Cir. 2002).

Here, the Amended Complaint asserts that the SSA retaliated against Plaintiff for filing multiple EEO complaints, for filing lawsuits, and for testifying on behalf of co-workers in

---

[12] To the extent that Plaintiff complains that Judge Netburn did not address his allegation that he was "restricted [from] emailing co-workers" (Pltf. Obj. (Dkt. No. 43) at 5), the Amended Complaint contains no such allegation, and Plaintiff has not explained why this allegation should be considered now. See Fischer, 286 F. Supp. 3d at 603 ("The submission of new evidence following [a magistrate judge's R&R] is merited only in rare cases, where the party objecting . . . has offered a most compelling reason for the late production of such evidence." (quotation marks and citation omitted)).

disciplinary actions. (Am. Cmplt. (Dkt. No. 29) at 10, 12-13, 15)  Reading the Amended

Complaint liberally, the allegedly adverse employment actions at issue in Plaintiff's retaliation

claim are (1) workload; (2) assignment to cover for the receptionist while she was on break; (3)

suspensions; (4) denial of reasonable accommodations; (5) multiple supervisors; (6) denial of

leave requests; and (7) the delay in processing Plaintiff's request to transfer back to the SSA's

Brooklyn office from the SSA's San Diego office. (Id. at 10-11, 13-15)

      Judge Netburn finds that Plaintiff's participation in the SSA's internal EEO

process constitutes a protected activity. (R&R (Dkt. No. 42) at 20)  She also finds that Plaintiff

has alleged an adverse action, noting that – "for the purposes of a retaliation claim" – Plaintiff "is

not required to allege adverse employment actions that resulted in materially adverse change in

the terms and conditions of his employment." (Id. at 20-21 (citing Burlington N. & Santa Fe Ry.

Co. v. White, 548 U.S. 53, 70 (2006); Jones v. City of New York, No. 17-cv-4894 (AT), 2020

WL 91532, at *8 (S.D.N.Y. Jan. 8, 2020); Wharton v. Cty. of Nassau, No. 10-cv-0265

(JS)(AKT), 2013 WL 4851713, at *12 (E.D.N.Y. Sept. 10, 2013); and Dechberry v. New York

City Fire Dep't, 124 F. Supp. 3d 131, 148 (E.D.N.Y. 2015)))[13]

      Judge Netburn nonetheless concludes that Plaintiff's Rehabilitation Act retaliation

claim fails, because he "does not articulate any connection, either temporal or otherwise,

between the alleged retaliation and his protected activities." (Id. at 22)  Judge Netburn explains

that, under the circumstances of this case, she "cannot infer retaliation based solely on the

proximity between Plaintiff's protected activity and adverse actions."  Given the numerous

---

[13] Judge Netburn correctly notes, however, that Plaintiff's allegations regarding workload do not
qualify as an adverse action. (R&R (Dkt. No. 42) at 21 (citing Kelly v. New York State Off. of
Mental Health, 200 F. Supp. 3d 378, 406 (E.D.N.Y. 2016) and Lee v. Starwood Hotels & Resorts
Worldwide, Inc., No. 14 Civ. 5278 (KPF), 2016 WL 3542454, at *14 (S.D.N.Y. June 22, 2016)))

complaints and lawsuits Plaintiff has filed during his employment at the SSA, "'there was rarely

a time that [the SSA] could have taken action against [Plaintiff] that would <u>not</u> have been

recently preceded by some complaint that [he] believes is subject to . . . protection.'" (<u>Id.</u> (first

alteration in R&R) (quoting <u>Manon v. Pons</u>, 131 F. Supp. 3d 219, 235 (S.D.N.Y. 2015)))

      In support of his Rehabilitation Act retaliation claim, Plaintiff cites a comment

from his union representative to the effect that Plaintiff would be demoted to receptionist if he

filed another EEO complaint. (Am. Cmplt. (Dkt. No. 29) at 14)  Judge Netburn finds that this

alleged comment from a union representative is not evidence of retaliatory animus on the part of

the SSA, noting that this Court previously held that "'the statements of a union representative are

not imputed to an employer for purposes of discrimination claims.'" (<u>Id.</u> (citing <u>Lee v. Saul</u>, No.

19 Civ. 6553 (PGG), Sept. 30, 2020 Order (Dkt. No. 30) at 14-15))  Because Plaintiff has not

adequately alleged a causal connection between his protected activity and the alleged adverse

actions taken against him, Judge Netburn recommends that his Rehabilitation Act retaliation

claim be dismissed.  (<u>Id.</u> at 22-23)

      In his objections, Plaintiff states that he

> has stated the claim of retaliation numerous times, filed EEO complaints, and has
> presented evidence in exhibits as well as provided evidence in disparate treatment and
> suspensions. Cindy Berger, witness to denial of reasonable accommodations meeting
> with Jaimie Hanlon, told me that I would become the receptionist if I filed another EEO
> complaint.  I told her that I was appealing the EEO decision and she yelled at me and
> then I became the receptionist. Pursuant to SSA Commissioner's email dated 6-19-15 it
> specifies what prohibited harassment is. "– alters a term, condition, or privilege of
> employment (e.g. work assignments, work schedules, or training) – has the purpose or
> effect of unreasonably interfering with an individual's work performance, results in a
> tangible employment action – demotion, undesirable reassignment, change in work
> assignments or duties in a way that blocks opportunities for promotion or salary increase"
> (exhibit 47)  The transfer request was originally to avoid the harassment and torture and
> help my mother and was to be temporary but became permanent by SSA.

(Pltf. Obj. (Dkt. No. 43) at 5)

Plaintiff's objections do not address Judge Netburn's finding that he has not pled facts showing a causal connection between his admittedly protected activity and the alleged adverse actions that he suffered. Having reviewed Judge Netburn's recommendation for clear error, this Court concludes that Plaintiff has failed to state a Rehabilitation Act retaliation claim. Accordingly, that claim will be dismissed.

### E.   Hostile Work Environment

"The standard for demonstrating a hostile work environment is the same under Title VII [as it is for] the Rehabilitation Act." Langella v. Mahopac Cent. Sch. Dist., No. 18-CV-10023 (NSR), 2020 WL 2836760, at *17 (S.D.N.Y. May 31, 2020) (quotation marks and citation omitted).[14] To state a hostile work environment claim,

> a plaintiff must plead facts that would tend to show that the complained of conduct:
> (1) is objectively severe or pervasive – that is, creates an environment that a reasonable
> person would find hostile or abusive; (2) creates an environment that the plaintiff
> subjectively perceives as hostile or abusive; and (3) creates such an environment because
> of the plaintiff's [protected characteristic].

Patane v. Clark, 508 F.3d 106, 113 (2d Cir. 2007) (quotation marks, citations, and alteration omitted). Accordingly, "[a] plaintiff must show that the conduct at issue is 'severe or pervasive enough to create an objectively hostile or abusive work environment,' and 'the victim must also subjectively perceive that environment to be abusive.'" Romero v. DHL Express, Inc., No. 12-CV-1942 (VEC)(RLE), 2015 WL 1315191, at *5 (S.D.N.Y. Mar. 24, 2015) (quoting Feingold, 366 F.3d at 150). In determining whether the alleged conduct is sufficiently severe, courts consider "'the frequency of the discriminatory conduct; its severity; whether it is physically

---

[14] Judge Netburn notes that it is not clear whether a claim for hostile work environment can be brought under the Rehabilitation Act. For purposes of her R&R, she assumes that such a claim is proper. (Id. at 23 (citing, inter alia, Wesley-Dickson v. Warwick Valley Cent. Sch. Dist., 586 F. App'x 739, 745 n.2 (2d Cir. 2014) and Kelly, 200 F. Supp. 3d at 399)) This Court adopts the same approach.

threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with [the] employee's work performance.'" Feingold, 366 F.3d at 150 (alteration in Feingold) (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 23 (1993)).

Judge Netburn identifies the following conduct by Defendant as potential evidence of a hostile work environment: (1) directing Plaintiff to cover for the receptionist during her breaks; (2) directing Plaintiff "'not to send or develop cause for late filing . . . [a]gainst training and policy'"; (3) requiring Plaintiff to mail paper cases; (4) sending SSA correspondence to Plaintiff's personal email address; (5) denying Plaintiff reasonable accommodations; (6) assigning him additional work and requiring him to report to multiple supervisors; (7) denying him leave; and (8) suspending Plaintiff. (R&R (Dkt. No. 42) at 23-24 (citing Am. Cmplt. (Dkt. No. 29) at 13, 22-24, 26))

While acknowledging Plaintiff's claim that "this environment caused him to suffer depression," Judge Netburn concludes that "the conduct he describes does not rise to the level of objectively severe and persistent harassment," because "[n]othing indicates that a reasonable person would have found the actions of [Plaintiff's] supervisors 'physically threatening or humiliating' or that it 'unreasonably interfered with his work performance.'" (Id. at 24 (alterations in R&R omitted) (quoting Hodges, 976 F. Supp. 2d at 497-98); see also Am. Cmplt. (Dkt. No. 29) at 11, 13-15, 25) Judge Netburn therefore recommends that Plaintiff's hostile work environment claim be dismissed. (R&R (Dkt. No. 42) at 24)

In his objections, Plaintiff asserts that

[t]he denial of leave and the suspensions without pay were hostile work environment claims. The medical evidence was requested and supplied and ignored. The job description was supplied and changed. The transfer requests were delayed and not temporary. The SSA definition of prohibited harassment shows that the conditions existed and the medical evidence supplied also supports that it was damaging to health. Per SSA rules that they have not followed – *SSA will follow guidance regarding*

*harassment established by the EEOC and standards regarding harassment set by the Supreme Court in two landmark decisions: Burlington Industries, Inc. v. Ellerth 118 S. Ct. 2257 (1998) and Faragher v. City of Boca Raton, 118 S. Ct. 2275 (1998).  In these decisions, the Supreme Court made clear that employers are subject to vicarious liability for unlawful harassment by supervisors.  Liability is premised on two principles: 1) an employer is responsible for the acts of its supervisors; and 2) employers should be encouraged to prevent harassment and employees should be encouraged to avoid or limit the harm from harassment.  (exhibit 44)*

(Pltf. Obj. (Dkt. No. 43) at 5-6)

        Plaintiffs' objections do not address Judge Netburn's finding that he has not pled facts demonstrating that he suffered "objectively severe and persistent harassment."  Having reviewed Judge Netburn's recommendation for clear error, this Court agrees that Plaintiff has not stated a claim for hostile work environment under the Rehabilitation Act.  Accordingly, that claim will be dismissed.

## III.    <u>TITLE VII CLAIM</u>

        Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e <u>et seq.</u> prohibits employment discrimination on the basis of race, color, religion, sex, or national origin.  <u>Vill. of Freeport v. Barrela</u>, 814 F.3d 594, 606 (2d Cir. 2016).  Although Plaintiff checked a box on his form complaint indicating that he wishes to assert a claim under Title VII, he does not indicate the type of alleged discrimination at issue, whether race, color, religion, sex, or national origin.  (Am. Cmplt. (Dkt. No. 29) at 3)  Judge Netburn concludes that, "[b]ecause [Plaintiff] does not allege any discrimination claims based on the covered traits, his claim under Title VII should be dismissed."  (R&R (Dkt. No. 24) at 24-25)

        In his objections, Plaintiff contends that he

was coerced to amend complaint and omit claims. Appealed to 2nd circuit court and remanded back to district court under pretense that amended complaint is pending.  Lee was told by NYLAG on 12/9/20 "you must attempt to show that the violations that occurred through your statement of facts" Statement of facts clearly show discrimination based on disability.  The Title VII was appealed to 2nd Circuit while amended complaint

was submitted. Plaintiff therefore requests to amend complaint to address the issues of all claims. Plaintiff has been discriminated under Title VII of the Civil Rights Act of 1964 and the Rehabilitation Act of 1973[.]

(Pltf. Obj. (Dkt. No. 43) at 6)[15]

   Disability is not a protected category under Title VII, and Plaintiff has not cited any category that is protected by Title VII. Accordingly, this Court adopts Judge Netburn's recommendation, and Plaintiff's Title VII claim will be dismissed.

## IV. ADA AND FMLA CLAIMS

   In the September 30, 2020 Order granting Defendant's first motion to dismiss, this Court ruled that Plaintiff had not stated a claim under the ADA, because the ADA "does not provide a cause of action against the federal government for employment discrimination." Lee v. Saul, No. 19 Civ. 6553, Sept. 30, 2020 Order (Dkt. No. 30) at 16 (citing, inter alia, 42 U.S.C. § 12111(2), (5)(B)(i) and Hodges, 976 F. Supp. 2d at 490). This Court likewise concluded that Plaintiff failed to state a claim under the FMLA because, inter alia, "Plaintiff, as a federal employee, does not have a right of action under the FMLA." (Id. at 16 (citing Beauchat v. Mineta, 03-cv-3196 (DRH)(ETB), 2006 WL 2711608, at *9 (E.D.N.Y. Sept. 21, 2006), aff'd, 257 F. App'x 463 (2d Cir. 2007))) This Court also denied Plaintiff leave to amend these claims, because any amendment would be "futile." (Id. at 18)

---

[15] On April 12, 2021, Plaintiff filed a notice of appeal (Dkt. No. 31) concerning a February 11, 2021 order issued by Judge Netburn in which she states, inter alia, that the Court would close Lee v. Saul, No. 19 Civ. 6553 (PGG) without prejudice for administrative purposes "[b]y separate order." (See Dkt. No. 26). On April 15, 2021, Judge Netburn issued an order clarifying that the Court had chosen not to close Lee v. Saul, No. 19 Civ. 6553 (PGG). (Dkt. No. 32; see also Lee v. Saul, No. 19 Civ. 6553 (PGG), Dkt. No. 38) On August 2, 2021, the Second Circuit dismissed Plaintiff's appeal, having "determined sua sponte that it lacks jurisdiction . . . because a final order has not been issued by the district court." (Dkt. No. 41)

Noting this Court's prior ruling, Judge Netburn recommends that Plaintiff's ADA and FMLA claims be dismissed.  (R&R (Dkt. No. 42) at 25-26)  Nothing in Plaintiff's objections (Pltf. Obj. (Dkt. No. 43) at 6) justifies a different result.  Accordingly, Plaintiff's ADA and FMLA claims will be dismissed.

## V.   NO FEAR ACT CLAIM

Plaintiff asserts a claim under the No FEAR Act, 5 U.S.C. § 2301 et seq.  (See Am. Cmplt. (Dkt. No. 29) at 4)  As Judge Netburn explains, this statute "'includes provisions requiring federal agencies to provide additional reimbursement for discrimination cases, to notify and train employees about their rights, and to report on employee complaints about the agency.'" (R&R (Dkt. No. 42) at 26 (quoting Mallard v. Brennan, No. 14-cv-00342 (JAW), 2015 WL 2092545, at *9 (D. Me May 5, 2015)))  "[C]ourts that have considered the issue have concluded[, however, that this statute] 'does not create any private cause of action or substantive rights.'" (Id. (quoting Mallard, 2015 WL 2092545, at *9) (citing Alexidor v. U.S. Off. of Pers. Mgmt., No. 13-cv-4027 (DLI)(SMG), 2013 WL 4647528, at *2 (E.D.N.Y. Aug. 29, 2013)))  Judge Netburn therefore concludes that Plaintiff's No FEAR Act claim should be dismissed.  (Id.)

This Court finds no error in Judge Netburn's analysis.  Courts "uniformly conclude that the N[o] FEAR Act does not create any private cause of action or substantive rights." Mallard, 2015 WL 2092545, at *9; see also, e.g., Bailey v. Dejoy, No. 1:20-CV-00042-JAW, 2021 WL 767859, at *5 (D. Me. Feb. 26, 2021), report and recommendation adopted, 2021 WL 1145996 (D. Me. Mar. 25, 2021); Santiago v. DeJoy, No. 20-CV-1571 YGR, 2020 WL 6118528, at *6 (N.D. Cal. Oct. 16, 2020); Hardiman v. Lipnic, 455 F. Supp. 3d 693, 698 (N.D. Ill. 2020); Davis v. Brennan, No. EDCV181679JGBSHKX, 2019 WL 2932642, at *3 (C.D. Cal. Mar. 20, 2019); Hearne v. Jones, No. 15 C 3513, 2015 WL 3798113, at *2 (N.D. Ill. June 18,

2015); Cooper v. Dep't of Army, No. 4:13CV3086, 2013 WL 6631618, at *5 (D. Neb. Dec. 17, 2013); Alexidor, 2013 WL 4647528, at *2; Glaude v. United States, 248 F. App'x 175, 177 (Fed. Cir. 2007); Moore v. Grundmann, No. 11CV1570-GPC-WMC, 2013 WL 2177775, at *7 (S.D. Cal. May 20, 2013); Baney v. Mukasey, No. CIV.A.3:06-CV-2064-L, 2008 WL 706917, at *6-7 (N.D. Tex. Mar. 14, 2008); Mills v. Barreto, No. CIV.A. 3:03CV735, 2004 WL 3335448, at *3 (E.D. Va. Mar. 8, 2004).

       This Court likewise concludes that the No FEAR Act does not create a private of action. Accordingly, notwithstanding Plaintiff's objections (Pltf. Obj. (Dkt. No. 43) at 6-7), Plaintiff's No FEAR Act claim will be dismissed.

## VI.   *WEINGARTEN* VIOLATION

       Plaintiff asserts a claim for his "[W]eingarten rights." (Am. Cmplt. (Dkt. No. 29) at 4) "Weingarten rights" refers to "the right to union representation during an 'investigatory interview' under the National Labor Relations Act [(the "NLRA")]." Figueroa v. Nielsen, 423 F. Supp. 3d 21, 26 n.5 (S.D.N.Y. 2019) (citing Weingarten, 420 U.S. 251 (1975)). Judge Netburn explains that "[t]he National Labor Relations Board has 'exclusive jurisdiction' . . . when there is an arguable violation of the NLRA," and that "'the proper forum to hear [Plaintiff's] complaint is the National Labor Relations Board, not this Court.'" (R&R (Dkt. No. 42) at 26-27 (alterations added) (quoting Rest. Law. Ctr. v. City of New York, 360 F. Supp. 3d 192, 223 (S.D.N.Y. 2019) and Bowman v. New York State Hous. & Cmty. Renewal, No. 18-cv-11596 (ER), 2020 WL 1233701, at *9 (S.D.N.Y. Mar. 13, 2020))) Judge Netburn therefore recommends that Plaintiff's Weingarten claim be dismissed. (Id. at 27)

       Plaintiff's objections concerning this portion of the R&R do not address Judge Netburn's reasoning. (Pltf. Obj. (Dkt. No. 43) at 7) Judge Netburn's recommendation is

therefore reviewed for clear error.  This Court sees no error in Judge Netburn's reasoning.

Snow, 462 F.3d at 72.  Accordingly, Plaintiff's Weingarten claim will be dismissed.

## VII.   OBSTRUCTION OF JUSTICE

The Amended Complaint asserts a claim for "obstruction of justice."  Plaintiff

complains that Defendant is "deleting emails," "splitting complaints," "not taking complaint[s],"

"destroying medical evidence," "manipulating complaint[s]," and "providing false testimony."

(Am. Cmplt. (Dkt. No. 29) at 4, 11, 13)  Judge Netburn recommends that this claim be

dismissed, because "[t]here is no[] . . . private cause of action for violations of the criminal

statutes regarding obstruction of justice."  (R&R (Dkt. No. 42) at 27 (citing Pierre v. Lieberman,

No. 16CIV5473GBDHBP, 2017 WL 9565660, at *9 n.6 (S.D.N.Y. June 14, 2017), report and

recommendation adopted, No. 16CIV5473GBDHBP, 2017 WL 3316266 (S.D.N.Y. Aug. 3,

2017); Sheehy v. Brown, 335 F. App'x 102, 104 (2d Cir. 2009); and Langella v. United States,

No. 01 CIV. 11583 (AKH), 2002 WL 1218524, at *4 (S.D.N.Y. June 5, 2002), aff'd, 67 F.

App'x 659 (2d Cir. 2003)))

Plaintiff's objections to this portion of the R&R do not address Judge Netburn's

reasoning.  (Pltf. Obj. (Dkt. No. 43) at 7)  Accordingly, Judge Netburn's recommendation is

reviewed for clear error.  This Court sees no error in Judge Netburn's conclusion.  See Snow,

462 F.3d at 72.  Accordingly, Plaintiff's claim for obstruction of justice will be dismissed.

## VIII.   LEAVE TO AMEND

District courts "ha[ve] broad discretion in determining whether to grant leave to

amend," Gurary v. Winehouse, 235 F.3d 792, 801 (2d Cir. 2000), and "leave to amend should be

freely granted when 'justice so requires.'"  Pangburn v. Culbertson, 200 F.3d 65, 70 (2d Cir.

1999) (quoting Fed. R. Civ. P. 15(a)).  The Second Circuit has cautioned that district courts

"'should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)). However, "'[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.'" Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 258 (2d Cir. 2002) (quoting Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993)).

"One appropriate basis for denying leave to amend is that the proposed amendment is futile. . . .  An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." Id. (citations omitted).

Here, Judge Netburn recommends that all of Plaintiff's claims be dismissed without leave to amend. (R&R (Dkt. No. 42) at 27-28)  Judge Netburn notes that any amendment to Plaintiff's ADA, FMLA, No FEAR Act, Weingarten, and obstruction of justice claims would be futile, because Plaintiff does not have a right of action under the relevant statutes, and is in the wrong forum for purposes of a Weingarten claim. (See id. at 28)  As to Plaintiff's Title VII claim, Judge Netburn notes that Plaintiff does not allege discrimination on any covered ground. (Id.)  With respect to Plaintiff's Rehabilitation Act claims, Judge Netburn notes that "Plaintiff was previously granted the opportunity to amend his complaint, and despite his extensive allegations and voluminous submissions in support of his claims, he has failed to 'give any indication that a valid claim might be stated.'" (Id. at 28 (quoting Cuoco, 222 F.3d at 112))

In his objections, Plaintiff "requests leave to amend complaint to explain how the appealed EEO complaints that are attached are the complaint." (Pltf. Obj. (Dkt. No. 43) at 7)

This Court adopts Judge Netburn's reasoning with respect to leave to amend. Amendment would be futile as to most of Plaintiff's claims. Moreover, Plaintiff was previously given leave to amend and has not succeeded in pleading any claim. There is no reason to believe that further amendment would be productive. Accordingly, leave to amend will be denied.

## **CONCLUSION**

For the reasons stated above, the R&R is adopted in its entirety, and the Amended Complaint is dismissed with prejudice. The Clerk of Court is directed to terminate the motion (Dkt. No. 11), and to close these consolidated cases.

Dated: New York, New York
        March 23, 2022

SO ORDERED.

Paul G. Gardephe
United States District Judge